THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR GLADES COUNTY, FLORIDA
CIVIL DIVISION

**JUAN LOPEZ,**

    **Plaintiff,**

v.                                                                                   CASE NO.:

**OLDCASTLE SERVICES, INC.**
**f/k/a OLDCASTLE APG, INC.,**

    **Defendant.**

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Juan Lopez ("Plaintiff"), by and through undersigned Counsel, and on behalf of himself and all others similarly situated, brings the following Class Action as a matter of right against Defendant, Oldcastle Services, Inc. f/k/a Oldcastle APG, Inc., ("Defendant" or "Oldcastle") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §§ 1681–1681x, and in support of his claims states as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendant for violations of the FCRA in the employment context. The FCRA imposes several important requirements on employers that use a background checks as part of their hiring processes, which are designed to protect consumers like Plaintiff.

2. Defendant operates a manufacturing company and is headquartered in Atlanta, Georgia. However, Defendant is part of a large network of global manufacturers and does business across the country, including in Glades County, Florida.

3. As part of its hiring processes, Defendant uses consumer reports (commonly known as background checks) to make employment decisions. Because such background checks are "consumer reports" under the FCRA and Defendant's employment decisions are based in whole

or in part on the contents of the background checks, Defendant is obliged to adhere to certain requirements of the FCRA.

4. Defendant obtained the consumer reports at issue in this action from a non-party consumer reporting agency.

5. Because a consumer reporting agency provided Defendant with the results, the report constitutes a written, oral or other communication made by a consumer reporting agency about a consumer's "character, general reputation, personal characteristics, or mode of living" and, therefore, falls squarely under the definition of a "consumer report" not covered by any exemptions.

6. Obtaining and using consumer reports in any context is presumptively illegal. The FCRA provides the limited, and exclusive, statutory bases for possession and use of such report. These permissible purposes include, among other circumstances, employment.

7. When using criminal background reports for employment purposes, employers must, before declining, delaying, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective background reports as well as a written summary of their rights under the FCRA. 15 U.S.C. § 1681b(b)(3). This requirement is commonly known as pre-adverse-action notice.

8. Providing a copy of the criminal background report as well as a statement of consumer rights before making an adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading public-records-based reports.

9. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment

decision. Even where reports are accurate, the FCRA still demands that notice be given so applicants have an opportunity to address any derogatory information with employers before a hiring decision is made.

10. As set forth more fully below, Plaintiff's employment with Defendant was terminated because of information in a background check but without Defendant first providing him with a copy of the report on which that decision was based and an opportunity to dispute or discuss the information with Defendant *before* Defendant chose to terminate him.

11. Plaintiff brings a class claim under 15 U.S.C. § 1681b(b)(3)(A) because, by taking adverse employment action based on undisclosed consumer report information against Plaintiff and other putative class members without first providing them with a copy of the pertinent consumer report and a summary of their rights, Defendant violated that Section of the FCRA.

12. Plaintiff also brings a class claim under 15 U.S.C. § 1681b(b)(2) because, as a systematic omission in its hiring process Defendant failed to provide Plaintiff and other consumers with a stand-alone disclosure that a consumer report will be procured about them.

## JURISDICTION AND VENUE

13. This is an action for damages in excess of $50,000, exclusive of interest, fees, and costs.

14. The Court has jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.  The Court has jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.  This Court has personal jurisdiction over *Defendant* under the Florida Long Arm Jurisdiction Act, Fla Stat. Section§ 48.193, as Plaintiff applied to work for Defendant in this County, and Defendant took an adverse employment action against Plaintiff in this County.  Furthermore, this Court's exercise of personal jurisdiction is constitutionally sound. Through its operations throughout Florida, including in Hillsborough County, Defendant has established sufficient minimum contacts with the State of Florida.

15. Defendant used to be known as Oldcastle APG, Inc., but changed its name in 2013 to Oldcastle Services, Inc., per Florida and Delaware's official records. Despite knowing it filed and paid for a Name Change officially, Defendant issued a W-2 to Plaintiff in its former name of Oldcastle APG, Inc.

16. Venue is proper in Glades County, Florida, because all of the events giving rise to these claims arose in this County. Defendant employed Plaintiff in this County and, terminated his employment in this County.

## PARTIES

17. Plaintiff is a "consumer" as protected and governed by the FCRA.

18. Defendant is an "employer" and "user" of consumer reports as defined by the FCRA.

19. At all times pertinent to this Complaint, Defendant used "consumer reports" for "employment purposes" as those terms are defined in the FCRA.

## FACTUAL ALLEGATIONS

### *Defendant's Systemic Violations of the FCRA's Employment Provisions*

20. Plaintiff applied in October 2022 to work for Defendant.

21. Defendant offered Plaintiff the job, and Plaintiff began working for Defendant, however his continued employment was made contingent on him passing a background check.

22. The disclosure was lengthy and contained a host of superfluous, false, irrelevant and unnecessary statements that run afoul of the FCRA's requirement that a "clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i).

23. Plaintiff worked for two weeks before receiving a phone call saying from Defendant that his background check came back and he "didn't clear it." Defendant told Plaintiff that he would

receive a notice of his termination, including the reason, in the mail. However, Defendant failed to send Plaintiff anything.

24. Instead, all Plaintiff received from Defendant was a W-2 in 2023 that listed the Defendant's former name of Oldcastle APG, Inc.

25. Defendant terminated Plaintiff's employment without providing information required in a pre-adverse action notice.

26. Because Defendant did not provide Plaintiff with a pre-adverse-action notice and the ability to dispute or discuss any information in the report about him, Defendant deprived Plaintiff of rights guaranteed him by the FCRA in the employment context.

27. If Defendant had provided Plaintiff with the appropriate pre-adverse-action notice and sufficient time in advance before sending the adverse action notice, Plaintiff could have clarified any confusion in his report by specifically addressing any questions about his report that Defendant had, or at least pleaded his case to continue his employment.

28. But that did not happen. Instead, Plaintiff lost his job, lost his salary, and even lost the benefits he would have received from Defendant, without being given the opportunity to properly address the contents of his report.

29. Defendant failed to provide the pre-adverse notice required by the FCRA.

30. Even if Defendant did send Plaintiff a supposed pre-adverse notice, Defendant still violated 15 U.S.C. § 1681b(b)(3) because of the way in which its hiring process is set up.

31. In employing a Credit Reporting Agency ("CRA") to provide it with background checks, Defendant permits the CRA to apply Defendant's hiring criteria to the results of those background checks.

32. In Plaintiff's case, for instance, the CRA created a report that showed criminal history attributable to Plaintiff such that he "didn't clear" the background check as Defendant told him.

33. Defendant's termination of Plaintiff's employment caused Plaintiff damages in the form of lost pay, and emotional damages due to stress caused by the loss of a job he certainly should have retained.

34. Furthermore, Defendant caused Plaintiff to suffer an informational injury by denying him information in the form of a compliant pre-adverse and adverse action notice containing a copy of the consumer report at issue, and a copy of his rights under the FCRA, both of which he is plainly entitled under 15 U.S.C. § 1681b(b)(3). These same injuries are shared by all members of the putative Pre-Adverse Action class Plaintiff seeks to represent in this litigation.

35. By depriving Plaintiff of all of this information, Defendant robbed Plaintiff of the ability to review the adverse information about him and explain to Defendant any mitigating factors. Such factors include that the report contained erroneous information about him.

36. Consequently, Plaintiff was also deprived of the opportunity to explain to Defendant why SentryLink and Defendant's interpretation of his report did not warrant termination and/or a withdrawal of his employment offer.

37. Plaintiff and Pre-Adverse Action Class Members suffered an invasion of privacy as a result of Defendant using their private information in a manner which it was not entitled to use it pursuant to the law. 15 U.S.C. § 1681b(b)(3) contains restrictions on the circumstances in which a consumer report can be used as a basis for adverse employment action.

38. One of those conditions is that a report may only be used as a basis for adverse employment action when the consumer to whom the report relates has previously been provided with a copy of the report and a summary of the consumer's rights. Absent the fulfillment of these conditions, the

employer is not allowed to rely on the private information contained in the report. By using Plaintiff's information in a manner not allowed by law, Defendant invaded his privacy.

39. Plaintiff also suffered actual damages because he experienced a job loss, and wage loss, as a result of Defendant's failure to provide pre-adverse action notice. Had Defendant given Plaintiff an opportunity to explain its interpretation of his report before it made the decision to terminate him, it is entirely possible Plaintiff would have been permitted to keep his job and, in turn, his wages.

40. Plaintiff also experienced emotional distress due to Defendant's failure to provide the required pre-adverse action notice and feelings of helplessness and humiliation due to his inability to explain why his report was inaccurate.

41. Plaintiff continues to suffer emotional distress due to fear Defendant will inform prospective or future employers that he was fired due to issues with his background, including erroneous information regarding criminal history.

42. Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and the class of Defendant's former and prospective employees.

43. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief pursuant to the FCRA.

*Defendant's Violations Were Willful*

44. The FCRA permits the recovery of statutory damages of between $100 and $1,000 for willful violations. 15 U.S.C. § 1681n(a). Plaintiff and the putative class may also recover uncapped punitive damages upon a finding of willfulness. *Id.*

45. Willfulness in the context embraces knowing violations and reckless ones as well.

46. Defendant has ample ability, pursuant to guidance by the statute itself, court decisions, and statements from the Federal Trade Commission, to bring its processes into compliance with Sections 1681b(b)(2) and 1681b(b)(3).

47. The statutory requirements are simple: before procuring a consumer report to be used for employment purposes, the employer must obtain the consumer's written authorization after the employer has confirmed, in a writing that consists solely of the disclosure, its intent to obtain a consumer report about the consumer.

48. Likewise, before denying, delaying, or terminating employment based on the contents of a consumer report, the employer must provide the consumer that report and a written summary of his or her FCRA rights with enough time for the consumer to act on any information the report contains before an employment decision is made.

49. Nothing is complex or difficult about meeting these statutory demands.

50. Yet, despite many years and plenty of authoritative guidance, Defendant has failed to bring its hiring process in line with the FCRA's easy-to-follow requirements.

51. In accordance with the FCRA's requirements, the consumer reporting agency from which Defendant acquired consumer reports during the two years preceding the filing of this Complaint required Defendant to certify that it would comply with the FCRA's pre-adverse action notice requirements if those requirements became applicable. *See* 15 U.S.C. § 1681b(b)(1).

52. Thus, Defendant *knew* that it had an obligation to provide current or prospective employees with copies of their reports and summaries of their rights prior to taking adverse action based in whole or in part on a consumer report.

53. At the very least, Defendant's conduct was reckless, as it knew perfectly well what those requirements were, yet fell short of them even after settling a lawsuit alleging that its process violated the statute.

## CLASS ACTION REQUIREMENTS

54. Pursuant to the Florida Rules of Civil Procedure, Plaintiff asserts his claim in Count I on behalf of a Putative Background Check Class defined as:

> **All consumers in the United States who (1) were the subject of a consumer report provided to Defendant, (2) for whom their employment was terminated or offer of employment rescinded, based in whole or in part on information contained in those consumer reports, and (3) for whom Defendant did not provide the consumer with a copy of the consumer report and written summary of FCRA rights at least five business days before the code was entered in Defendant's system, (4) for the five years preceding the date of this action.**

55. Pursuant to the Florida Rules of Civil Procedure, Plaintiff asserts his claim in Count II on behalf of a Putative Disclosure Class defined as:

> **All consumers in the United States who were the subject of a consumer report obtained by Defendant pursuant to a Fair Credit Reporting Act disclosure form substantially similar to the form presented to Plaintiff, within five years of the filing of this lawsuit through the date of final judgment in this action.**

56. <u>Numerosity</u>: The Putative Classes are so numerous and geographically dispersed that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees based upon its non-compliant disclosures, and frequently relies on such information, in whole or in part, as a basis for adverse employment action. Plaintiff is informed and believes that during the relevant time period, hundreds or thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

57. <u>Typicality</u>: Plaintiff's claims are typical of the members of the Putative Classes. Defendant typically uses these non-compliant disclosure forms to obtain consumer reports in order to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Classes members, and Defendant treated Plaintiff consistent with other Putative Classes members in accordance with its standard policies and practices.

58. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

59. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

   a) Whether Defendant provided a compliant disclosure form to employees and prospective employees;

   b) Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

   c) Whether Defendant's background check practices and/or procedures comply with the FCRA, including as to pre-adverse notice;

   d) Whether Defendant's violations of the FCRA were willful;

   e) The proper measure of statutory damages; and

   f) The proper form of injunctive and declaratory relief.

60. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of

each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

61. This case is maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

62. Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class Member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant' practices. Since the claims in this case revolve around lack of notice and failure to certify certain things, Class Members are not likely to learn of their claims outside of litigation. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

## FIRST CLASS CLAIM FOR RELIEF
**Failure to Provide Copy of Consumer Report in Violation of
15 U.S.C. § 1681b(b)(3)(A)**

63. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 61.

64. Defendant used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Pre-Adverse Action Class.

65. Defendant violated the FCRA by failing to provide Plaintiff and other Pre-Adverse Action Class members with a copy of the consumer report that was used to take adverse employment action against them. 15 U.S.C. § 1681b(b)(3)(A).

66. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Pre-Adverse Action Class Members under 15 U.S.C. § 1681b(b)(3)(A).

67. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission, and under long-established case law. Defendant obtained or had available substantial written materials which apprised them of its duties under the FCRA. Any reasonable employer knows about or can easily discover these mandates.

68. Defendant's willful conduct is also reflected by, among other things, the following facts:

   a) Defendant is a national corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b)      Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance, and case law, interpreting the FCRA, as well as the plain language of the statute;

    c)      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

    d)      In accordance with the FCRA's requirements, the consumer reporting agency from which Defendant acquired consumer reports during the two years preceding the filing of this Complaint required Defendant to certify that it would comply with the FCRA's pre-adverse action notice requirements if those requirements became applicable. *See* 15 U.S.C. § 1681b(b)(1).

69. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

70. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a)      A determination that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

    b)    Designation of Plaintiff as class representative and Plaintiff's Counsel as counsel for the Putative Class;

    c)    Issuance of proper notice to the Putative Class at Defendant's expense;

    d)    A declaration that Defendant committed multiple, separate violations of the FCRA;

    e)    A declaration that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

    f)    An award of statutory damages as provided by the FCRA, including punitive damages;

    g)    An award of reasonable attorneys' fees and costs as provided by the FCRA;

    h)    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## SECOND CLASS CLAIM FOR RELIEF
**Failure to Provide Compliant Disclosure Form in violation of**
**15 U.S.C. § 1681b(b)(2)**

71.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1-61.

72.    Defendant failed to provide members of the Disclosure Class with a clear and conspicuous FCRA disclosure contained in a stand-alone document consisting only of the disclosure, therefore violating 15 U.S.C. § 1681b(b)(2)(A).

73.    Defendant's obtaining and use of Putative Class Member consumer reports without compliance with § 1681b(b)(2)(A) violates 15 U.S.C. § 1681b(f).

74.    Defendant's willful conduct is also reflected by, among other things, the following facts:

    a) Defendant is a national corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is no contemporaneous evidence that it determined that its conduct was lawful;

    b) Defendant knew or had reason to know that its conduct was inconsistent with published FTC guidance, and case law, interpreting the FCRA, as well as the plain language of the statute;

    c) Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

    d) In accordance with the FCRA's requirements, Defendant knew it was required to provide a stand-alone compliant disclosure of its intent to obtain consumer reports about employees and applications, yet it did not do so.

75. Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

76. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a) A determination that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff as class representative and Plaintiff's Counsel as counsel for the Putative Class;

c) Issuance of proper notice to the Putative Class at Defendant's expense;

d) A declaration that Defendant committed multiple, separate violations of the FCRA;

e) A declaration that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

f) An award of statutory damages as provided by the FCRA, including punitive damages;

g) An award of reasonable attorneys' fees and costs as provided by the FCRA;

h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

DATED this 29th day of December 2023.

    Respectfully submitted,

    */s/ Amanda E. Heystek*
    **LUIS A. CABASSA**
    Florida Bar Number: 053643
    Direct No.: 813-379-2565
    **BRANDON J. HILL**
    Florida Bar Number: 37061
    Direct No.: 813-337-7992
    **AMANDA E. HEYSTEK**
    Florida Bar Number: 0285020
    Direct No.: 813-379-2560
    **WENZEL FENTON CABASSA, P.A.**
    1110 North Florida Avenue, Suite 300
    Tampa, Florida 33602
    Main No.: 813-224-0431
    Facsimile: 813-229-8712
    Email: lcabassa@wfclaw.com
    Email: bhill@wfclaw.com
    Email: aheystek@wfclaw.com
    Email: gdesane@wfclaw.com

    **CRAIG C. MARCHIANDO**
    Florida Bar No. 1010769
    **CONSUMER LITIGATION ASSOCIATES, P.C.**
    763 J. Clyde Morris Blvd, Suite 1-A
    Newport News, VA 23601
    Tel. – (757) 930-3660
    Fax – (757) 930-3662
    Email: craig@clalegal.com

    **Attorneys for Plaintiff**