UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JUAN LOPEZ**,
    Plaintiff,

v.                                                                                          2:24-cv-131-JLB-NPM

**OLDCASTLE SERVICES, INC.**
**F/K/A OLDCASTLE APG, INC.**,
    Defendant.

## ORDER

Before the court is the parties' joint motion to remand. The parties seek to have this case remanded back to state court to avoid any potential Article III standing-related arguments that might jeopardize a potential class-wide resolution of the case. The court, being fully advised of the premises, grants the parties' motion.

Accordingly, the joint motion (Doc. 25) is **GRANTED**. If no Rule 72(a) objections are filed within **14 days** of this order, then the clerk is directed to **REMAND** this case by transmitting a certified copy of this order to the clerk of court for the Twentieth Judicial Circuit in and for Glades County, Florida (Case No. 2023-CA-213). Following remand, the clerk shall terminate any pending motions and scheduled events and close the case. If any objections are timely filed, then the clerk is directed to withhold disposition until so ordered by the district judge.[1]

---

[1] "Notwithstanding any provision of law to the contrary," the disposition of any issue by a magistrate judge may be reviewed by a district judge. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 154

**ORDERED** on July 26, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

(1985) (magistrate-judge orders are reviewable even when no party objects to them). So, while a remand order by a district judge (or a magistrate judge presiding over a "consent case" under 28 U.S.C. § 636(c)) is generally "not reviewable on appeal or otherwise," 28 U.S.C. § 1447(d), a district judge may review a magistrate judge's remand order. *See Wyatt v. Walt Disney World, Co.*, No. 5:97-CV-116-V, 1999 WL 33117255, *5 (W.D.N.C. July 26, 1999) (holding that § 636(b)(1) trumps § 1447(d)).

Generally, parties who timely object to a magistrate judge's action are entitled to clear-error review. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72 advisory committee notes (explaining that Rule 72(a) objections correspond to matters referred under § 636(b)(1)(A), and Rule 72(b) objections correspond to matters referred under § 636(b)(1)(B)); *Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("The terms 'dispositive' or 'nondispositive' in Rule 72 do not create categories separate from the statute which Rule 72 implements."). There are eight exceptions; and to view the list as merely illustrative is to leave it to the courts to rewrite the statute and create a patchwork of inconsistent regimes throughout the country. *See* 28 U.S.C. § 636(b)(1)(A); *Wachovia Bank, N.A. v. Deutsche Bank Tr. Co. Americas*, 397 F. Supp. 2d 698, 701 (W.D.N.C. 2005) ("[T]he language of § 636(b)(1)(A) is exceedingly clear that a magistrate judge may 'hear and determine any pretrial matter pending before the court, except' a very specific list of eight matters. Congress would be hard-pressed to use language more clearly indicating its intent to create an exhaustive list than 'any…except.'").

A remand motion is not among the eight exceptions. *See Turnmeyer-Cook v. Winnebago Indus., Inc.*, No. 16-CV-3088-LTS, 2016 WL 6080202, *4 (N.D. Iowa Oct. 17, 2016) ("Congress explicitly set out matters that are not within the authority of a magistrate judge … remand is not among them"); *Franklin v. City of Homewood*, No. CIV. A. 07-TMP-006-S, 2007 WL 1804411, *3 (N.D. Ala. June 21, 2007) (same); *Johnson v. Wyeth*, 313 F. Supp. 2d 1272, 1275 (N.D. Ala. 2004) ("The court believes that the magistrate judge in this case was within the authority granted him by § 636(b)(1)(A) to order remand <u>as long as an opportunity was provided for any party to seek a Rule 72 review of the order.</u>") (emphasis added); *see generally* Peter J. Gallagher, In Search of A Dispositive Answer on Whether Remand Is Dispositive, 5 Seton Hall Circuit Rev. 303 (2009). Indeed, by only excepting Rule 12(b)(6) motions and not all Rule 12(b) motions, the federal-magistrate-judge statute (28 U.S.C. § 636) provides that magistrate judges may dispose of jurisdictional and venue motions—Rules 12(b)(1) through (3)—by order; and a remand motion likewise concerns forum-selection issues and not the merits of a claim or defense.

It appears that no federal circuit court has taken issue with a magistrate judge's remand order that explicitly protects the parties' rights to request district-judge review, as is done here. And judicial efficiency—created by § 636 and required by Civil Rule 1—compels this approach; an order to which there is no objection requires no further work by the district judge, but a recommendation—even in the absence of any objection—does. *Cf. Thomas*, 474 U.S. at 148 (requiring district-judge review of a magistrate judge's finding despite the absence of any objection would be "an inefficient use of judicial resources"). As the court sagely observed in *Johnson*, 313 F. Supp. 2d at 1273: "Why should the district judge be involved at all if no party timely objects to the order of remand?"